UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MATTHEW M. LAKOTA,

        Plaintiff,

  v.

CHIEF JUSTICE RONALD M. GEORGE
(individually and in his
capacity as head of The
Judicial Council of
California,

        Defendant.

No. 2:07-cv-2094-MCE-DAD-PS

ORDER

----oo0oo----

On October 5, 2007, Plaintiff filed his Verified Complaint for Temporary Injunctive Relief and Preliminary Injunctive Relief in this matter, which appears to allege that Plaintiff's constitutional rights have been violated as a result of being declared a vexatious litigant, by the Superior Court of the State of California, County of Butte, in accordance with the provisions of California's vexatious litigant law as codified by California Code of Civil Procedure Section 391, et seq.

Concurrently with his Verified Complaint, Plaintiff filed an Ex Parte Motion for Temporary Injunction demanding that Defendant Ronald M. George, as head of the Judicial Council of California, remove Plaintiff from the list Defendant George has purportedly prepared which delineates those individuals declared to be vexatious litigants.

Although initially styled as an "Ex Parte Motion for Temporary Injunction", the Court construes Plaintiff's request as a demand for a temporary restraining order; in fact, both the proposed notice to be given to Defendant George and Plaintiff's proposed order characterizes Plaintiff's request as one for issuance of a temporary restraining order.

Plaintiff's request for a temporary restraining order is procedurally defective and must be denied on that basis alone. First, to the extent that Plaintiff seeks an ex parte request for a temporary injunction (as Plaintiff states in the caption to his motion), he has proffered no "extraordinary circumstances" to justify such release in the absence of actual notice to the Defendant. <u>See</u>  Local Rule 65-231(a).  While Plaintiff's papers, at apparent odds with his ex parte designation, also appear to contemplate a hearing being scheduled on his request, he has made no effort to schedule a hearing date, let alone notify Defendant and/or his counsel of that date.

In addition, contrary to the provisions of Local Rule 65-231(c)(5), Plaintiff has failed to submit an affidavit in support of the existence of an irreparable injury justifying immediate injunctive relief.

///

While Plaintiff has provided a declaration, that declaration does not support the existence of an irreparable injury which may inure to Plaintiff if the emergency equitable relief he requests is not granted.

Plaintiff's Motion is accordingly DENIED, without prejudice to Plaintiff's right to renew her application in accordance with the provisions of Rule 65-231.

IT IS SO ORDERED.

Dated: October 10, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE