IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATHEW M. LAKOTA,

    Plaintiff,

v.

CHIEF JUSTICE RONALD M. GEORGE (individually and in his capacity as head of The Judicial Council of California),

    Defendant.

No. CIV S-07-2094 MCE DAD PS

<u>ORDER AND</u>

<u>FINDINGS AND RECOMMENDATIONS</u>

    Plaintiff, proceeding pro se, has filed this action challenging the constitutionality of California's vexatious litigant statutes as applied to him. Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The proceeding was referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

    Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the application will be granted. However, the determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Under 28 U.S.C. § 1915(e)(2), the district court is required to dismiss an in forma pauperis case at any time if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

1    A claim is frivolous if it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1969 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Nonetheless, the court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Pro se pleadings are held to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Any civil complaint filed in federal court, including a pro se complaint, must meet the following requirements:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a). Although the Federal Rules adopt a flexible pleading policy, a complaint must give each defendant fair notice of the plaintiff's claims against that defendant. See Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

In the present case, plaintiff's pleading is titled "Verified Complaint for Temporary Injunctive Relief and Preliminary Injunctive Relief (No Request for Monetary Damages)." (Compl. at 1.) Plaintiff asserts that he seeks to prevent future harms and damages caused by an unconstitutional order of the Butte County Superior Court. (Id.) Plaintiff alleges that the state court's order blocks his free access to the state courts and deprives him of the ability to file important suits in order to gain physical access to public accommodations. (Id. at

2.) Plaintiff asserts that his suit is not barred by the <u>Rooker-Feldman</u> doctrine because the suit seeks to prevent future harm and is not an appeal, either directly or indirectly, from any state court decision. (<u>Id.</u>) Plaintiff has sued the Chief Justice of the California Supreme Court "as an individual in his official capacity as head of the Judicial Council of California." (<u>Id.</u>)

By way of relief, plaintiff seeks a temporary restraining order, preliminary injunction and permanent injunction enjoining the Court's ORDER, directly or indirectly or through the use of agents, employees, servants or any other person acting with them, from including his name on the list of vexatious litigants or disseminating his name as a person who is or was a vexatious litigant. (<u>Id.</u> at 11.) Plaintiff also seeks an order that California Code of Civil Procedure § 391(b)(1) is unconstitutional "when it allows a judge to find a person to be a vexatious litigant without a factual conclusion of a pattern of meritless, frivolous or harassing lawsuits or motions" and that California Code of Civil Procedure § 391.7(b) is unconstitutional "when it allows a judge to order a vexatious litigant to post a bond when the purposed suit is deemed to have merit, is not frivolous and not file[d] for the purpose of harassment." (<u>Id.</u>) Plaintiff also seeks costs of suit. (<u>Id.</u>)

With his complaint, plaintiff filed a motion for a temporary injunction ordering defendant to remove plaintiff's name from the list of vexatious litigants compiled by defendant as head of The Judicial Council of California. In the motion, plaintiff argues that his name is on the vexatious litigant list unconstitutionally. In his supporting declaration, plaintiff states that he challenges "two select portions of the Vexatious Litigant Statutes of the State of California as it applies to me and my current status as a vexatious litigant." On October 10, 2007, plaintiff's motion for temporary injunction was denied by the district judge assigned to this case.

Federal district courts do not have jurisdiction to review errors in state court decisions. <u>Dist. of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 476 (1983) (holding that review of state court determinations can be obtained only in the United States Supreme Court). Put another way, the <u>Rooker-Feldman</u> doctrine applies to "cases of the kind from which

3

the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Under the Rooker-Feldman doctrine, a federal district court is also prohibited from exercising jurisdiction over a suit that is "a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004). A federal district court may not examine claims that are inextricably intertwined with state court judgments, "even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles." Bianchi v. Rylaarsdam, 334 F.3d 895, 900 & n.4 (9th Cir. 2003). See also Ignacio v. Judges of U.S. Court of Appeals, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming district court's dismissal of the case because "the complaint is nothing more than another attack on the California superior court's determination . . . and the related determinations made by federal courts that they lack subject matter jurisdiction").

In the present case, plaintiff challenges statutory provisions as applied to him. All of the relief sought by plaintiff is inextricably intertwined with state court judgments. By virtue of the state court initial vexatious litigant order, plaintiff's name is on a list of vexatious litigants and is disseminated to courts throughout the state. His pleadings are subject to pre-filing review, and he may be required to post a bond before proceeding. Plaintiff wants his name off the list and wants to be relieved of the pre-filing review and possible bond requirements. The orders sought by plaintiff with respect to the constitutionality of two statutory provisions have little or nothing to do with the statutory provisions themselves and arise from plaintiff's disagreement with the manner in which some state court judges have applied the pre-filing and bond requirements to specific suits plaintiff presented for filing. The undersigned finds that plaintiff's attempt to bring an indirect challenge based on constitutional principles is inextricably intertwined with a de facto appeal from state court judgments.

1  Plaintiff's complaint should be dismissed for lack of jurisdiction. Given the
2 nature of the defect in plaintiff's pleading, it appears clear that granting leave to amend would be
3 futile. See Pink v. Modoc Indian Health Project, Inc., 157 F.3d 1185, 1189 (9th Cir. 1998);
4 Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E. & J.
5 Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).
6  Accordingly, IT IS HEREBY ORDERED that plaintiff's October 5, 2007
7 application to proceed in forma pauperis is granted; and
8  IT IS RECOMMENDED that this action be dismissed with prejudice.
9  These findings and recommendations will be submitted to the United States
10 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within
11 **ten** days after being served with these findings and recommendations, plaintiff may file written
12 objections with the court. A document containing objections should be titled "Objections to
13 Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file
14 objections within the specified time may, under certain circumstances, waive the right to appeal
15 the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
16 DATED: December 10, 2007.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.pro se/lakota2094.ifpgr.f&r

5